

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-77,093

**RANDALL WAYNE MAYS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPEAL FROM THE DENIAL OF A SECOND MOTION TO DETERMINE EXECUTION COMPETENCY FROM CAUSE NO. B-15,717 THE 392ND DISTRICT COURT HENDERSON COUNTY

HERVEY, J., delivered the opinion of the Court in which RICHARDSON, NEWELL, WALKER, and MCCLURE, JJ., joined. YEARY, J., filed a dissenting opinion in which KELLER, P.J., joined. KEEL and SLAUGHTER, JJ., dissented.

### O P I N I O N

In 2008, Appellant was convicted of capital murder and sentenced to death. This Court affirmed Appellant's conviction and sentence on direct appeal. *Mays v. State*, 318 S.W.3d 368 (Tex. Crim. App. 2010). We denied relief on his initial post-conviction application for a writ of habeas corpus. *Ex parte Mays*, No. WR-75,105-01 (Tex. Crim.

App. March 16, 2011) (not designated for publication).

Appellant's execution was set for March 18, 2015. In February 2015, Appellant filed a motion in the trial court challenging his competency to be executed. *See* TEX. CODE CRIM. PROC. art. 46.05(a) ("A person who is incompetent to be executed may not be executed.").[1] The trial judge denied Appellant's motion, finding that Appellant had failed to make a threshold showing raising a substantial doubt of his competency to be executed. *See* Art. 46.05(d) ("On receipt of a motion filed under [Article 46.05], the trial court shall determine whether the defendant has raised a substantial doubt of the defendant's competency to be executed[.]"). Appellant appealed the trial judge's decision to this Court. We determined that further review was necessary, and we stayed Appellant's execution. We held that Appellant made "a substantial showing that he was incompetent to be executed." *Mays v. State*, 476 S.W.3d 454, 456 (Tex. Crim. App. 2015). We set aside the trial judge's order denying relief, and we remanded this cause to the trial court for further competency proceedings, including the appointment of mental health experts. *Id.* at 462.

After an evidentiary hearing was held in August 2017, the trial judge determined that Appellant was competent to be executed. Appellant then appealed the trial judge's decision to this Court. We affirmed the trial judge's decision and lifted the stay of execution. *Mays v. State*, No. AP-77,055 (Tex. Crim. App. June 5, 2019) (not designated

---

[1] Unless otherwise indicated, all future references to Articles refer to the Code of Criminal Procedure.

for publication).

Appellant was again set for execution. In September 2019, he filed another motion in the trial court challenging his competency to be executed. The trial judge denied the motion in November 2019, finding that Appellant failed to "overcome the presumption of competency sufficient to entitle him to a new hearing under [Article 46.05]." *See* Art. 46.05(e) (providing a presumption of competency if a defendant previously filed a motion under Article 46.05 and was determined to be competent). Appellant thereafter appealed the trial judge's decision to this Court.

In April 2020, Appellant filed in the trial court a subsequent application for a writ of habeas corpus. He also filed a motion for a stay of execution in this Court in May 2020. Appellant raised multiple allegations in his subsequent habeas application, including a claim that he is intellectually disabled and ineligible for the death penalty under *Atkins v. Virginia*, 536 U.S. 304 (2022). We stayed Appellant's execution and remanded the subsequent habeas application to the trial court for a review of the merits of the intellectual disability claim. *Ex parte Mays*, No. WR-75,105-02 (Tex. Crim. App. May 7, 2020) (not designated for publication).

In February 2023, the trial court signed "Agreed Findings of Fact and Conclusions of Law" recommending that relief be granted on Appellant's intellectual disability claim. Based upon the trial court's findings and conclusions and our own review, we granted habeas relief by reforming Appellant's sentence of death to a sentence of life

imprisonment without parole.[2] *Ex parte Mays*, No. WR-75,105-02 (Tex. Crim. App. Mar. 27, 2024) (not designated for publication). Therefore, Appellant's appeal of the trial court's determination of his competency to be executed is rendered moot, and the appeal is dismissed.

DELIVERED: March 27, 2024
PUBLISH

---

[2] We dismissed Appellant's other habeas claims as an abuse of the writ without reviewing the merits of those claims.